# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Sophal Prom

   Petitioner,

v.

Warden, Ohio reformatory for Women,

   Respondent.

Case No. 1:07cv480
Judge Michael R. Barrett

## **ORDER**

This matter is now before the Court on petitioner's Objections (Doc. 35) to Judge Black's Report and Recommendation (hereinafter "R&R"). (Doc. 30). Judge Black recommends that petitioner's writ be denied with prejudice. (Doc. 30, p.36). For a detailed account of the procedural posture, see the R&R. (Doc. 30, pp.1-10).

I. Relevant Facts

Petitioner shot and killed a co-worker on September 28, 2000. (See Doc. 11, Ex. 47, Tr. 27-28). The grand jury returned an indictment charging her with one count of aggravated murder with a firearm specification. (Id., Ex.1). After originally entering a plea of not guilty by reason of insanity, Petitioner entered a negotiated written plea agreement, in which she agreed to plead guilty to a reduced charge of murder with specification. (Id., Exs. 2, 4; Ex. 47, Tr. 22). She was sentenced to consecutive prison terms of fifteen years to life for the murder offense and three years for the specification. (Id., Ex. 47, Tr. 36-37, 39-40). Eventually, the Court of Appeals vacated Petitioner's conviction and sentence and remanded the matter based on the holding that the trial

court committed reversible error by informing the Petitioner that she was subject to post-release control when she was not, thereby, making her plea involuntary. (Id., Exs. 22, 26).

On remand, Petitioner argued to enforce the original plea agreement. The State opposed this motion and the trial court denied it stating on the record that the Court of Appeals "didn't say [the case is] to be remanded to be resentenced or to reaccept the guilty plea. It said the entire process, [the] judgment of conviction [and the] sentence imposed there on are vacated." (Id., Ex. 48, Tr. 31). Petitioner appealed the plea agreement and her sentence to the Court of Appeals, Supreme Court and back to the Court of Appeals on a motion to reopen. The Court of Appeals granted the motion to reopen and vacated her conviction and sentence holding that the plea was not done knowingly, intelligently and voluntarily. (Id.) As such, the trial court found that "[t]here is no agreement at this point to enforce." (Id., Ex. 48, Tr. 32). Later, after the trial court denied her second request for a continuance, Petitioner entered a plea of no contest to the aggravated murder charge with firearm specification and was sentenced to consecutive prison terms of twenty years to life for the aggravated murder offense and three years for the specification (Id. Exs. 33-35; Ex. 49, Tr. 38-64). Petitioner unsuccessfully appealed to the Court of Appeals and the Ohio Supreme Court arguing that the original plea agreement should have been enforced and that the second request for a continuance should have been granted. This matter is now before this Court on a petition for writ of habeas corpus.

II. Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). See also *Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of §2254(d) in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a

violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 1523. The Sixth Circuit has held that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear and convincing evidence that the findings are erroneous. See 28 U.S.C. § 2254(e)(1).

III. Analysis

Petitioner alleges three grounds for relief: 1) Violation of the 5th and 14th Amendment right to Due Process for failure to enforce a valid plea agreement; 2) violation of the 5th and 14th Amendment right to Due Process in denying a request for continuance of trial; and 3) violation of the 5th and 14th Amendment right to Due Process when the court failed to follow the U.S. Court of Appeals for the Sixth Circuit case law on the issue of the enforcement of a plea agreement in contradiction to the requirements of Stare Decisis. (Doc. 2). Judge Black recommends that Petitioner is not entitled to habeas relief based on any of the grounds set forth above. Petitioner makes four objections to Judge Black's R&R. (Doc. 35).

Objection #1: Denial of Oral Argument.

Judge Black denied Petitioner's request for oral argument (Doc. 29). Petitioner objects to the denial of oral argument and requests oral argument with this Court. (Doc. 35, p.1). The decision to grant oral argument is within the discretion of a district court. *See* Fed.R.Civ.P. 78 (establishing that district courts may decide motions without oral argument). There is no abuse of discretion in denial of oral argument on a petition for habeas corpus when a brief has been filed and there is no claim that petitioner's contentions were not fully set forth therein. *U. S. ex rel. Darrah v. Brierley* 415 F.2d 9, 11 (3rd Cir. 1969). Numerous circuit courts have held that denial of oral argument is not prejudicial where the parties have "an adequate opportunity to apprise the trial court with evidence and a memorandum of law." *Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir.1991). *See also Scott v. Metropolitan Health Corp.* 2007 WL 1028853 (6th Cir. April 3, 2007) (Stating that "dispositive motions are routinely decided on papers filed by the parties, without oral arguments.")

In the case at bar, Petitioner does not argue that her contentions were not fully set forth in her briefs. Rather, she merely believes that "oral argument will assist the Court in reaching a fair and reasoned resolution." (Doc. 35, p.1). Judge Black's recommendation to deny oral argument is warranted. This Court has full discretion as to whether oral arguments should be granted on the objections to the R&R to which the Court deems such arguments are not necessary given the thorough pleadings filed in this matter.

Objection #2: Judge Black's Recommendation to Deny Grounds 1 and 3 of Petitioner's Request for Writ of Habeas Corpus Challenging the Trial Court's Refusal to Enforce the Original Plea Agreement

Petitioner argues that the state courts and the R&R incorrectly concluded that the enforcement of the first plea agreement was not mandatory after the Ohio Court of Appeals vacated Petitioner's conviction and remanded the case for further proceedings. (Doc. 35, p.2). In her Objections to the R&R, Petitioner again argues that she did not repudiate her plea agreement during the appeal process, but rather repudiated her plea hearing (Id.). This argument, however, was addressed and correctly refused by the Ohio Court of Appeals and fully analyzed in the R&R. (Doc. 30, p.17) (Explaining that once a defendant successfully challenges a guilty plea, as Petitioner did in this case, the defendant is not entitled to the enforcement of that plea at a later date; rather, the original charges are reinstated.) Furthermore, Petitioner, through counsel, successfully argued that her plea was not voluntary. (See Doc. 11, Ex. 11, pp. 1, 5; Ex. 19, p. 5; Ex. 22, p. 6). In fact, in one pleading, Petitioner argues that the "court should vacate Ms. Prom's plea and remand this case so that Ms. Prom <u>can decide whether to plead guilty</u> based on a correct explanation of post-release control." (Doc. 11, Ex. 19, p. 5)(emphasis added). This clearly indicates that Petitioner was not just arguing to be resentenced or merely repudiating her plea hearing.

Furthermore, consistent with Criminal Rule 32(B)(2), the guilty plea itself states that Petitioner understood her right to appeal a maximum sentence and her other limited appellate rights. The trial court also specifically told Petitioner that she had a right to appeal her sentence. (Id., Exs. 4, 5; Ex. 6, Tr. 40). This Court is not saying that

Petitioner could not appeal her sentence, clearly she could.  However, Petitioner breached the plea agreement by appealing the voluntariness of the plea itself.

Judge Black correctly noted that "the Supreme Court has never held that a criminal defendant who succeeds in having his or her guilt plea vacated is nevertheless entitled to enforcement of the plea agreement as opposed to reinstatement of the original charges."  (Doc. 30, p.17).  Petitioner argues that even though there is not a Supreme Court case on point factually with her case that Supreme Court precedent relating to due process supports the claim that she is entitled to enforcement of the plea agreement.  (Doc. 35, p.6).  However, this argument is not well taken.  The state court decision is not "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."   28 U.S.C. § 2254(d).

Even though Judge Black already addressed the issue in his R&R, Petitioner again cites *United States v. Sandoval-Lopez* 122 F.3d 797 (9th Cir. 1997) in her Objections in an attempt to prove that the enforcement of a prior plea is mandatory following a successful appeal.  (Doc. 35, p.7).  Petitioner argues that, like the defendants in *Sandoval*, she "did not challenge the plea agreements themselves and did not recant [her] admission of the acts that formed the basis for the counts of conviction." (Doc. 35, p.6).  Petitioner's statement that she did not recant her admission to the acts forming the basis of her conviction is true, however, she did challenge the plea agreement when she sought to vacate it.  (See discussion above).  As already noted by the Ohio Court of Appeals and by Judge Black, the defendants in *Sandoval* differed from Petitioner in that they "challenged only the validity of their convictions and

did not attack the plea agreement," whereas Petitioner appealed the "voluntary nature of her plea" and successfully petitioned the court to set it aside. (Doc. 30, p.13). In *Sandoval*, "[t]he defendants did not attack their plea agreements. Instead, they claimed in their [ ] motions that, while their plea bargains were knowing, voluntary, and in all other respects proper when made and accepted by the district court, the conduct to which they pled guilty-the only conduct for which they were convicted and sentenced-is now insufficient as a matter of law to support their convictions." *Sandoval* at 802. The *Sandoval* court further noted that "[w]here a defendant has breached a plea agreement, courts have found the government to be free from its obligations." *Id.* at 800. Furthermore, *Sandoval* is not binding on this Court and more importantly, is not binding on the state courts in this case. Petitioner has failed to prove that the state proceedings violated clearly established Supreme Court precedent.

Petitioner was successful on appeal but now, unhappy with the outcome on remand, argued that the Court of Appeals should have reversed itself based on *McAdoo v. Elo*, 365 F.3d 487 (6th Cir. 2004). The R&R sufficiently rebuts Petitioner's argument that the plea agreement is enforceable in light of the Sixth Circuit's decision in *McAdoo*. (See Doc. 30, pp.22-24). Specifically, the R&R correctly provides, that "the *Prom I* court found merit to petitioner's claim that her guilty plea was involuntary because she was mislead into entering the plea by affirmative misstatements made at the plea hearing, and in the written plea agreement..." as opposed to *McAdoo* wherein the petitioner confirmed that his plea was voluntary. The *McAdoo* Court stated, "Unlike the court in *Hart* [*v. Marion Correction Institution*, 927 F,2d 256 (6th Cir. 1991) and unlike the current matter], the state court in this case made its sole misstatement at the sentencing, only

8

after the plea had been entered and accepted. Any misstatement by the judge at sentencing could not possibly have affected McAdoo's understanding at the time he entered his plea, the relevant time for our inquiry." *McAdoo v. Elo,* 365 F.3d at 495. It was reasonable for the Court of Appeals to find that Petitioner's understanding was affected by the misstatement because such misstatement was made in the plea document itself and during the plea colloquy. (See Doc. 11, Ex. 4; Ex. 6, Tr. 30). Thus, Petitioner's argument is not well taken.

Even if *McAdoo* supported Petitioner's claims, which it does not, it is not grounds to grant Petitioner relief. The AEDPA provides that a habeas petition can be granted if the state decision was contrary to, or involved an "unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Petitioner has not made this showing as *McAdoo* is a Sixth Circuit case and the relevant cases cited in *McAdoo* are other circuit court cases. Even if it was a Supreme Court case or relied on Supreme Court case law, the law was not clearly established at the time of court of appeals decision.

In her Objections, Petitioner argues that *Santobello v. New York*, 404 U.S. 257 (1971) is on point and should be followed. In *Santobello*, the prosecution violated the plea agreement by recommending the maximum sentence when it previously promised, in plea negotiations, to not make a recommendation on sentencing. The Supreme court remanded and held that the state had to keep its commitment. Judge Black correctly determined that *Santobello* is inapposite. In this case, the prosecutor did as promised. The Petitioner got the benefit of her bargain at her original sentencing. However, she then chose to successfully argue on appeal that her plea was involuntary. Once the

conviction was vacated, the State is not bound to offer the same agreement on remand. Had she only argued that her sentence was unconstitutional, this may have been a different case. However, as set forth above, that is not what happened here, despite Petitioner's incorrect assertions to the contrary. This holding is not in conflict with *Santobello.*

Petitioner takes issue with Judge Black's citation of *Martin v. Burke,* 234 F.3d 1269 (6th Cir. 2000) and *McPherson v. Barksdale,* 640 F.2d 780 (6th Cir. 1981). (Doc. 35, pp. 8-10). Although the Court agrees with Petitioner that this Court would have jurisdiction to issue a writ ordering a resentence, for the reasons set forth in this opinion, Petitioner is not entitled such relief.

Petitioner also argues that this Court should consider Petitioner's mental state. Although the Court recognizes that Petitioner does suffer from mental illness, she was found to be competent when she entered her original plea agreement, by Dr. Burch after the matter was remanded back to the trial court, and when she entered her no contest plea. (See Doc. 11, Ex. 3.) There is no evidence before the Court that she was not competent when the appeal was filed.

> Objection #3: Judge Black's Recommendation that Petitioner is Not Entitled to Relief on Ground 2; The Trial Court's Denial of her Second Motion for Continuance.

Petitioner objects to Judge Black's recommendation that she is not entitled to relief due to the trial court's denial of her motion to continue. (Doc. 35, pp.17-30). Petitioner discusses, at length, various reasons why her second motion for continuance should have been granted. Petitioner's habeas petition, however, is confined to constitutional violations. (Doc. 30, p.31; citing 28 U.S.C. 2254(a); *Pulley v. Harris*, 465

U.S. 37, 41 (1941); *See also*, Williams v. Taylor, 529 U.S. 362, 411 (2000) (O'Conner, J., concurring)). The R&R correctly recognizes that a federal court may not review a federal habeas petition based on "a perceived error of state law." *Id.* In order to be granted relief Petitioner must show that the denial of the continuance resulted in prejudice; that is, the continuance would have added something to the defense. The Sixth Circuit noted that "[h]abeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." (*Lundgren v. Mitchell,* 440 F.3d 754, 764 (6th Cir. 2006)). In an attempt to show prejudice, Petitioner points to her desire to hire an expert to determine that she was insane, which could have entitled her to a not guilty be reason of insanity plea. (Doc. 35, pp. 18, 28). She further claims that the time could also have been used to interview witnesses that were previously unavailable. (Doc. 35, p. 28). Petitioner, however, failed to show that either action would have been fruitful. In light of the circumstances surrounding Petitioner's second request for continuance, which are described at length in the R&R (Doc. 30, pp. 24-31), the trial court's decision to deny the continuance was warranted. However, even assuming the trial court's denial was "arbitrary and unreasonable" as Petitioner contends, Petitioner failed to affirmitevely show that the denial of the continuance caused her prejudice, thus, she is not entitled to relief on Ground 2. (Doc. 35, p.21).

>Objection #4: Judge Black's Recommendation Against Issuance of a Certificate of Appealability and Against Application to Proceed in Forma Pauperis on an Appeal.

Petitioner requests this Court for a certificate of appealability and requests for leave to proceed on appeal *in forma pauperis* if her objections are not sustained. (Doc.

35, p.31). "The test for issuing a certificate of appealability is not whether the argument previously has been considered but whether reasonable jurists could debate the outcome." *Hill v. Dailey* No. 08-5327 WL 522730 at *3 (6th Cir. March 02, 2009). Following his detailed R&R, Judge Black wrote that any appeal would not be in "good faith" and recommends that this Court deny Petitioner leave to appeal *in forma Pauperis*. (Doc. 30, p.37). This Court can not find any basis in which to not accept Judge Black's recommendation. As such, this objection is also overruled.

    **IT IS SO ORDERED.**

                                       *s/Michael R. Barrett*
                                       Michael R. Barrett, Judge
                                       United States District Court